UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>LYNN ANN CALVIN,<br><br>    Debtor. | Case No. 20-00257-NGH |
| KATHLEEN A. MCCALLISTER,<br><br>    Plaintiff,<br><br>v.<br><br>CHRIS TEAGUE,<br><br>    Defendant. | Adv. No. 21-06007-NGH |

MEMORANDUM OF DECISION

On June 4, 2021, the chapter 13[1] trustee, Kathleen McCallister ("Plaintiff"), initiated this adversary proceeding seeking under § 542 an accounting and itemization of certain property in Defendant's possession, as well as the turnover of that property, and judgment for damages sustained by the bankruptcy estate. Doc. No. 1. After failing to respond, the clerk's entry of default was entered against Defendant, Doc. No. 10, and a

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

hearing was held on February 9, 2022, on Plaintiff's motion for default judgment. Doc. Nos. 11 & 19. While Defendant failed to answer the complaint, he did appear at the February 9 hearing where evidence and argument were presented. In addition, the Court permitted the parties to submit supplemental briefing addressing whether damages are available under § 542. After considering the record, arguments of the parties, and applicable law, the following constitutes the Court's findings, conclusions, and disposition of the issues. Rule 7052.

**BACKGROUND**

Lynn Ann Calvin, the debtor in the underlying bankruptcy case, filed a voluntary chapter 13 bankruptcy petition on March 13, 2020. Case No. 20-00257-NGH. Calvin owned Under the Influence, LLC. Chris Teague ("Defendant") was employed by Under the Influence as a manger. At some point, Calvin purchased a 2001 Ford F350 to be used by Under the Influence as a tow truck (the "Tow Truck"). After Under the Influence stopped operating and Calvin filed bankruptcy, Defendant retained possession of the Tow Truck, and refused to allow Calvin to retrieve the vehicle.

Plaintiff issued a subpoena upon Defendant, requiring Defendant to deliver two vehicles, including the Tow Truck, to Corbett Auctions & Appraisals. Case No. 20-00257-NGH at Doc. No. 58. Defendant delivered the Tow Truck on November 20, 2020. However, Defendant's former employee, Stacey Hackett, testified Defendant had stripped multiple components and accessions from the Tow Truck in the days prior to delivering the vehicle, rendering it inoperable. Kent Corbett, the auctioneer and appraiser from Corbett Auctions & Appraisals, testified the Tow Truck would have sold for between

MEMORANDUM OF DECISION - 2

$10,000 to $15,000 had it not been disassembled by Defendant. Defendant represented to the Court he still had possession of all removed parts. To date, the Tow Truck has not been sold.

**ANALYSIS**

**A.    Turnover under § 542**

    **1.    Standards**

The filing of a petition under the Bankruptcy Code automatically "creates an estate" that, with some exceptions, comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 541(a). Section 542(a), in turn, provides that

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The moving party has the burden of establishing the estate is entitled to turnover by a preponderance of the evidence. *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1200 (9th Cir. 2012); *see also Gottlieb v. Bossio & Assocs. (In re Labib)*, 2013 WL 5934326, at *4 (Bankr. C.D. Cal. Nov. 5, 2013) (explaining that a trustee must establish the property is in possession of a noncustodial third party, is property of the estate, could be used, sold or leased for the benefit of the estate, and the property is not of inconsequential value.). Section 542(a) provides for two forms of relief: an accounting and either the turnover of the property itself, or the value of the property. Section 542(a) (requiring an

MEMORANDUM OF DECISION - 3

entity to "deliver to the trustee, and account for, such property or the value of such property"); *see also Shapiro v. Henson*, 739 F.3d 1198 (9th Cir. 2014); *Newman v. Schwartzer (In re Newman)*, 487 B.R. 193 (9th Cir. BAP 2013).

### 2.  Relief under § 542

As noted, Plaintiff seeks three forms of relief under § 542: (1) an itemization and accounting of each component, accession, fixture, wheel, and/or other part removed from the Tow Truck; (2) turnover of each component, accession, fixture, wheel, and/or other part removed or caused to be removed from the Tow Truck; and (3) a judgment for damages caused by Defendant's dismantling of the Tow Truck.  Section 542 provides for both the accounting of property of the estate and the turnover of physical property.  Further, an entry of default has been entered against Defendant.  Doc. No. 10.  Because an entry of default acts to establish the factual allegations of a complaint, besides the amount of damages, Plaintiff has established the Tow Truck and all its parts were property of the estate and subject to accounting and turnover.  *See In re Seymour*, 2007 WL 4219172, at *1 (Bankr. E.D. Cal. 2007).  As such, Plaintiff is entitled to the first two forms of relief requested: (1) an accounting and itemization of all the removed parts and (2) the turnover of all such parts.

At issue is Plaintiff's request for damages caused by Defendant's dismantling of the Tow Truck.  Section 542 allows for an award of the value of the property when physical turnover is not sought.  However, § 542 does not provide for damages.  *See Braunstein v. McCabe,* 571 F.3d 108, 122 (1st Cir. 2009) ("A

MEMORANDUM OF DECISION - 4

turnover action is not an action to recover damages for the taking of estate property but an action to recover possession of property belonging to the estate at the time of the filing.").[2]  Rather, § 542's purpose is to "provide for the right to the return of estate property," while other provisions, such as § 362 or § 105 provide "the remedy for the recovery of costs and expenses associated with obtaining possession of estate property from the entity holding it." *In re Sipe*, 2018 WL 5748630, at *6 (Bankr. E.D. Cal. Oct. 30, 2018).  As such, Plaintiff is limited under § 542 to an accounting and the turnover of the property and cannot recover damages under § 542.  Thus, the Court will deny Plaintiff's request for damages in Count III.

B.  **Alternative Requests for Relief**

In Plaintiff's post-hearing brief, Plaintiff requested the Court use its inherent authority under § 105 to hold Defendant in contempt for failing to comply with Plaintiff's subpoena, should the Court not award damages under § 542.  Doc. No. 22 at 9.  Damages may be awarded pursuant to a court's civil contempt powers under § 105.  *Gharib v. Casey (In re Kenny G Enters., LLC)*, 692 Fed. Appx. 950, 953 (9th Cir. 2017) (holding that the court had the authority to invoke its contempt powers under § 105 to rectify a § 542 violation).  To recover monetary damages under § 105 as a sanction for civil

---

[2] The interpretation that § 542 does not provide for damages is supported by the nature of the turnover remedy.  *See Maggio v. Zeitz*, 333 U.S. 56, 63 (1948) (describing turnover as "possession of existing chattels or their proceeds capable of being surrendered by the person ordered to do so.  It is in no sense based on a cause of action for damages for tortious conduct. . ."); *In re M.S.V., Inc.*, 97 B.R. 721, 729 (D. Mass. 1989) (holding that "there is no room within a motion for turnover for the award of monetary damages" where the defendant had already turned over the proceeds of the sale of the plaintiff's property).

MEMORANDUM OF DECISION - 5

contempt, Plaintiff would need to demonstrate by clear and convincing evidence that (1) there was a valid court order; and (2) Defendant violated that order.  *See In re 1601 W. Sunnyside Dr. #106, LLC*, 2010 WL 5481080, at *4 (Bankr. D. Idaho Dec. 30, 2010).  A failure to comply with a subpoena issued pursuant to Civil Rule 45, made applicable by Rule 9016, can be the basis of a civil contempt sanction.  Civil Rule 45(g) ("The court for the district where compliance is requires . . . may hold in contempt a person who having been served, fails without adequate excuse to obey the subpoena); *see also In re Art & Architecture Books of the 21st Century*, 2016 WL 735875, at *2 (Bankr. C.D. Cal. Feb. 22, 2016).

However, Plaintiff raised the possibility of sanctions under § 105 for the first time in a post-hearing brief addressing the availability of damages under § 542.  As noted by the Ninth Circuit Bankruptcy Appellate Panel, "the requirements of notice and a hearing or the opportunity to be heard are fundamental and state the essentials of due process and of fair play."  *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 371 (9th Cir. BAP 2003).  "'Unless all parties in interest are in court and have voluntarily litigated some issue not within the pleadings, the court can consider only the issues made by the pleadings, and the judgment may not extend beyond such issues nor beyond the scope of the relief demanded.'"  *Id.* at 370 (quoting *Sylvan Beach, Inc. v. Koch*, 140 F.2d 852, 861 (8th Cir. 1944)).  Further, Civil Rule 54(c), made applicable by Rule 7054, provides that "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Here, in the pleadings, Plaintiff only sought relief under § 542.  In seeking default judgment, Plaintiff cannot obtain relief beyond the scope of the pleadings,

MEMORANDUM OF DECISION - 6

particularly where Defendant had no prior notice of the relief now sought.  As such, the Court will deny Plaintiff's request for sanctions under § 105.

Plaintiff also requested in her post-hearing brief that she be permitted to amend the complaint to clarify the relief requested under Count III.  Civil Rule 15, made applicable by Rule 7015, governs amendments to pleadings.  Leave to amend a complaint is within the discretion of the Court and may be denied for a variety of factors, including prejudice to the opposing party.  *Forman v. Davis*, 371 U.S. 178 (1962); *Frontier Homes, LLC v. DiBenedetto (In re DiBenedetto)*, 560 B.R. 531, 536 (Bankr. C.D. Cal. 2016); *Wisdom v. Gugino (In re Wisdom)*, 2014 WL 4796770, at *3 (Bankr. D. Idaho Sept. 26, 2014) (noting great weight is placed on whether the amendment of a complaint would lead to prejudice to the opposing party).  Here, where Defendant had no notice of the claims for relief under § 105 until post-hearing, the Court finds Defendant would face undue prejudice as he did not previously have an opportunity to respond to or present evidence on the issue.  Further, the Court finds Plaintiff is not prejudiced by the denial as she has alternative avenues if she wishes to further pursue her claims.

**CONCLUSION**

The Court will grant Plaintiff's request for relief under Counts I and II and enter a default judgment, requiring an accounting and itemization, as well as the turnover, of each component, accession, fixture, wheel, and or/other part removed from the Tow Truck pursuant to § 542.  However, because the Court finds that Plaintiff is not entitled to an award of damages under § 542, the Court will deny Plaintiff's request for damages.  Further, the Court will deny Plaintiff's alternative requests for sanctions under § 105 and

MEMORANDUM OF DECISION - 7

leave to amend the complaint.  Plaintiff shall submit a proposed judgment consistent with this Decision.

DATED:  March 17, 2022



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 8